**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No.    19-cr-00208 (DAR) (RJL)** |
| | **:** | |
| **LAKETIA HAZELWOOD,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## GOVERNMENT'S MEMORANDUM FOR PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to order the pretrial detention of defendant, Laketia Hazelwood, pursuant to 18 U.S.C. § 3142 (f)(1)(A) and 18 U.S.C. § 3142 (d)(1)(A)(iii).   In support thereof, the government requests that the following points and authorities, as well as any other facts, arguments, and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### Introduction

Lakeita Hazelwood is a thirty-one-year-old female who is a life-long resident of the District of Columbia area, charged in a one-count indictment with Arson, in violation of Title 18 U.S.C. § 844(i), for intentionally igniting a gasoline fire in the lobby of a forty-three unit apartment building.  The defendant is on probation for a drug felony and has three other prior convictions, including a 2015 felony firearms offense.  The defendant should be held without bond to ensure the safety of the community.

### Statement of Facts and Procedural History

On Monday, June 17, 2019, at approximately 10:10 pm, a fire was reported in the entrance lobby of Pennsylvania House, a forty-three unit apartment building located at 3970 Pennsylvania Avenue, SE.  D.C. Fire & EMS responded to the scene and extinguished the large

blaze before it spread from the 100-square-foot lobby.  Pennsylvania House has three exits, the lobby where the fire occurred, and two stairwells that open to the outside.  Due to the fire, residents of the building evacuated.  Several elderly individuals with significant mobility issues were rescued from their balconies due to the lack of an available handicapped-accessible exit. After the evacuation of the residents, the few minor injuries reported were treated at the scene and no individuals were transported to the hospital.  Residents on the second and third floor of the building were eventually able to return to their apartments.  Nine of the first floor residents remain displaced.

The ATF Arson & Explosives Task force conducted an origin and cause investigation and examined the scene and determined that the fire was intentional in nature.  A fire detection K9 did not alert to the presence of common accelerants, but later testing conducted at the ATF laboratory revealed the presence of gasoline.  Examination of the scene revealed that the point of origin for the fire was the center of the lobby floor.  There was no potential source of natural, chemical, or accidental fire.

A review of surveillance footage in the lobby revealed that two women walked up to the lobby carrying a standard office trash bin.  One of the women, who was later identified as the defendant, had long blond braids and was wearing medical scrubs.  The defendant removed a large plastic bag that appeared to contain liquid from the trash bin and tossed it onto the lobby floor.  The defendant then looked at her hands and began to wipe them on her pants.  The defendant removed a book of matches from the pocket of her scrubs, lit one, and threw it toward the liquid and ran away.  As she fled, the defendant looked back and, seeing that a fire had not started, returned.  As she walked back towards the building, an individual walked through the

2

lobby and appeared to slip on liquid as he exited.  After he left, the defendant lit and threw three more matches toward the liquid until she saw it ignite and ran away.

The surveillance footage was released to news media and social media.  Shortly thereafter, the Metropolitan Police Department (MPD) received six tips identifying the woman with the blond braids.  Five of these tips identified the suspect as the defendant, Laketia Hazelwood.  The other caller provided the name of a different woman.  Additionally, after viewing the footage, the defendant's employer called the defendant and terminated her job. Investigators responded to the defendant's listed address and made contact with four close acquaintances and/or family members of the Defendant, all of whom identified the defendant as the woman in the surveillance footage.  None of these four identification witnesses had previously called police to identify the defendant as the woman in the video.  Law enforcement made contact with two individuals who had spoken with the defendant about what had happened on the night of the fire.  Both witnesses indicated that the defendant had told them that she had "blacked out" and did not know what had occurred.

On June 21, 2019, a grand jury charged the defendant with one count of arson, in violation of 18 U.S.C. § 844(i).

## **Applicable Law**

Under the Bail Reform Act, 18 U.S.C. § 3141 et. seq., a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The government is

required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. 18 U.S.C. § 3142(f).

However, when "there is probable cause to believe that the [defendant] committed an offense under section 2332b(g)(5)(B) of Title 18, for which a maximum term of imprisonment of 10 years or more is proscribed," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(C). A grand jury indictment establishes the requisite probable cause triggering the rebuttable presumption in 18 U.S.C. §3142(e) that no combination of conditions will reasonably assure the safety of the community. *United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986). When the rebuttable presumption of Title 18, United States Code, Section 3142(e) is triggered, it operates "at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cr. 1985). Moreover, even after the defendant carries her burden of production, the presumption "remains in the case as an evidentiary finding militating against release, to be weighted along with other evidence relevant to factors listed in § 3142(g)." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

The defendant in this case is charged by indictment with arson, in violation of 18 U.S.C. § 844(i); this offense is enumerated in § 2332b(g)(5)(B) and carries a maximum penalty of up to twenty years, and a five year minimum mandatory. Accordingly, a rebuttable presumption is applicable here that no condition or combination of conditions will assure the safety of the community. See § 3142(e)(3)(C). After the presumption is established, no pretrial release

condition or combination of conditions can be presumed to reasonably ensure the safety of the

community. *See* 18 U.S.C. § 3142(e)(3).

The judicial officer considering the propriety of pretrial detention must consider four

factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance, [or] firearm;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Here, all of the factors under 18 U.S.C. § 3142(g) continue to weigh heavily in the

government's favor, causing the defendant to be unable to rebut the presumption in 18 U.S.C. §

3142(e)(3)(C) that no combination of conditions will reasonably assure the safety of the

community given the serious violent offense with which she is charged.

The first factor, the nature and circumstances of the offense charged, weighs in favor of

detention. The defendant is charged with a serious crime of violence that carries a mandatory

minimum sentence of five years with a maximum period of twenty years in prison.   The

defendant tried four times to ignite gasoline she had poured into the primary entrance to an

occupied, forty-three unit apartment building.   After her first attempt, she fled.   When she saw

that she was unsuccessful, she returned and, despite passing an individual who was exiting the building, threw three more matches toward the gasoline.  Once she saw that she had successfully ignited a blaze, she fled again.  This is significant evidence of the defendant's consciousness of guilt, her intent to burn the building, and her desire to harm those who lived there.  Furthermore, the fire was set after 10 pm, a time when most of the residents could reasonably be expected to be in their homes.  Although there were no physical injuries to the residents, they had to evacuate and were displaced for the night.  Even as of the date of this filing, more than a week later, nine residents of the building remain displaced.   Moreover, initial estimates indicate that approximately $80,000 in damage was done by the blaze.  In addition to danger posed to the building residents by this fire, the defendant also risked the lives and safety of the emergency responders who came to assist the residents and extinguish the fire.  For all of these reasons, this is a serious offense that weighs in favor of the defendant's pretrial detention.

The second factor, the weight of the evidence, also weighs in favor of detention.  The surveillance footage not only captures the entirety of the offense, but it enabled multiple people to identify the defendant as the perpetrator.  Because the defendant fled on two occasions and tried four times to ignite gasoline she poured on the lobby floor, there is no question as to her intent.   Furthermore, nine people, some of whom were very familiar with the defendant, informed law enforcement that the defendant was the person depicted in the surveillance footage. The defendant's employer was so sure that the defendant was the individual in the footage that he terminated her.  Considering all of these factors, the weight of the evidence is strong and favors pretrial detention.

The third factor, the history and characteristics of the person, also weighs in favor of

detention. The defendant is on probation and has a criminal history that includes convictions for felony firearm and narcotics offenses.   Below are listed three of the adult convictions the defendant has incurred:

| Convictions | State | Docket No. | Date & Sentence |
| --- | --- | --- | --- |
| Manufact/Distribute/Poss/PWID | MD | CT160631X | 1/19/2017, 10 years of incarceration suspended, 3 years probation *Currently on supervision |
| Poss. Controlled Substance (Misd) Poss. Drug Paraphernalia | DC | 2017CMD010614 | 9/29/2017, 30 days all suspended, 1 year probation |
| Carrying a Pistol W/O a License | DC | 2015CF2014783 | 7/21/2017, 12 months of incarceration all suspended, 1 year of probation |
| *See Pretrial Services Report for Additional Contacts with Criminal Justice System* | | | |

Furthermore, at the time of her arrest on June 25, 2019, the defendant tested positive for Phencyclidine, or PCP.   Although the defendant has longstanding ties to the District of Columbia, she is facing a significant period of incarceration in a case with strong evidence.   The government therefore believes that the defendant poses a danger to the community and is a risk of flight.

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention.   The defendant's criminal history reveals significant narcotics use and, on at least one occasion, the illegal possession of a firearm.   In the instant case, she made several attempts to burn down an occupied apartment building with forty-three units while she was under court supervision.   This indicates no effective release conditions can be fashioned to protect the community.

**Conclusion**

The Court should grant the government's motion and detain Defendant Hazelwood

pending trial because she poses a danger to the community.

Respectfully submitted,

> JESSIE K. LIU
> United States Attorney
> D.C. Bar No. 472-845

By:                /s/
> ANDREW FLOYD
> Assistant United States Attorney
> DC Bar No. 1023315
> 555 4th Street, N.W.
> Washington, D.C. 20001
> (202) 252-6841
> andrew.floyd@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Andrew Floyd, certify that, on this 27th day of June, 2019, the government filed a copy

of the foregoing Memorandum in Support of Pretrial Detention via ECF.

> /s/
> Andrew Floyd
> Assistant United States Attorney